439 So.2d 528 (1983)
Alice Bertha Vatter, Wife of/And Errol V. ARENA
v.
K MART CORPORATION.
No. 82 CA 1093.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Denied December 9, 1983.
*529 Joseph P. Anderson, Jr., Slidell, for plaintiff, appellant.
E. Phelps Gay, New Orleans, for defendant, appellee.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge:
Plaintiffs, Alice Bertha Vatter, wife of/and Errol V. Arena, sued K Mart Corporation for damages for mental and emotional stress. After a trial on the merits, the judge found for the defendant and dismissed plaintiffs' suit. Plaintiffs have perfected this appeal.
The trial judge found the facts as follows:
"On the evening of October 12, 1981, the plaintiffs, accompanied by their three children, entered the K Mart Store in Slidell for the purpose of purchasing a new television set. Plaintiffs had seen advertisements run by K Mart indicating that the televisions were on sale.
"Upon reaching that section of the store in which the televisions were exhibited, they were met by Assistant Manager Michael D. Callaway. He accompanied the plaintiffs as they viewed the televisions, and one of the sets about which plaintiffs indicated an interest was a twenty-five inch General Electric color set. Galloway (sic) showed them the price tag and advised that the price would be $609.00 plus tax. Mr. Arena indicated that he did not have that much cash on his person and inquired as to whether or not the difference could be paid by a personal check. The Arena family looked at the inventory of sets on display and returned to the twenty-five inch General Electric. Callaway erroneously advised the cashier that the sale price was $341.05. This price, plus tax, was paid by Arena, and Mr. Arena, assisted by a stock boy, carried the set outside the front of the store where the Arenas waited for a neighbor to come in his pickup truck to take the set to their home.
"Callaway realized he had given the cashier an erroneous price and reported his error to Patrick O'Brien, the store *530 manager. Mr. O'Brien immediately went to the front of the store, and rather than permit the Arenas to depart with the television, Mr. O'Brien used his body to block Mr. Arena from the television, and instructed the stock boy to return the set to its original location within the store. Fearing trouble, Callaway called the Slidell police department, and two officers arrived at the scene. Arena was advised by the officers to go back in the store, obtain a refund, and depart the scene. Arena followed their advice, and this lawsuit followed."

ASSIGNMENT OF ERROR NO. 1
Plaintiffs argue on appeal that the trial court erred in finding that Errol V. Arena knew that the correct sale price of the television set was $609.00 and that he elected to take advantage of this error of fact with respect to the price of the television set. The record reveals that there was a dispute as to whether Mr. Arena had ever been given the correct price of $609.00. Mr. and Mrs. Arena testified that the only price given them was approximately $340.00, while Mr. Calloway testified that he had originally given them a price of $609.00, and had even spent some time with them discussing payment terms, i.e., paying for the item with a mixture of cash and check.
The trial judge stated in written reasons for judgment that after "having observed the demeanor of the witnesses" he was convinced the price tag on the television indicated a sale price of $609.00. He further noted that Callaway's testimony concerning the price tag had been corroborated by Chris Boege, the stock boy who had helped in moving the set. After a thorough reading of the record, we cannot say that the factual findings of the trial judge were erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

ASSIGNMENT OF ERROR NO. 2
Next, plaintiffs argue that the trial court erred in holding that the television set was owned by K Mart at the time O'Brien had it taken back into the store. Clearly, a contract may be invalidated by a unilateral error as to a fact (which was a principal cause for making the contract) where the other party knew or should have known it was the principal cause. Nugent v. Stanley, 336 So.2d 1058 (La.App. 3rd Cir. 1976); Deutschmann v. Standard Fur Company, Inc., 331 So.2d 219 (La.App. 4th Cir. 1976); LSA-C.C. arts. 1819, 1823.
On this point, the trial judge wrote:
"Receiving the sum of $609.00 plus tax was certainly the principal cause that K Mart had for entering into the sales contract with the Arenas. The Court is also convinced that Mr. Arena knew that the true sale price amounted to $609.00, and that he elected to take advantage of Callaway's mistake. Under these circumstances the error of fact on the part of Callaway vitiated the consent necessary to make the transaction a valid sale."
We agree with the findings of the trial court and therefore find no merit in plaintiffs' assignment of error.

ASSIGNMENT OF ERROR NO. 3
Third, plaintiffs argue that the trial court erred in holding that the removal of the television set by K Mart from the possession of Errol Arena did not constitute a conversion. Conversion is a distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein. Haymon v. Holliday, 405 So.2d 1304 (La.App. 3rd Cir.1981). Because we agree with the findings of the trial court regarding the status of the contract for the sale of the television set, we find that there was no conversion.

ASSIGNMENT OF ERROR NO. 4
Plaintiffs next contend that the trial court erred in holding that the registering of a complaint by the K Mart employee with the Slidell Police Department against Errol Arena was justified. In their brief, plaintiffs cite and discuss several cases dealing with malicious prosecution. These cases hold that in an action to recover damages for malicious prosecution, the plaintiff must *531 prove: (1) termination of the proceeding in favor of the plaintiff; (2) lack of probable cause; and (3) malice on the part of the defendant. Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir.1975); Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App. 2d Cir.1974). These cases and the principles they address have no application to the case sub judice. Arena was not arrested and no charges were ever filed against him by K Mart. The assistant manager of K Mart was merely being prudent when he took the precaution of having the police come to the scene in order to forestall any problems which may have arisen as a result of the dispute.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
Lastly, plaintiffs argue that the trial court erred in holding that K Mart did not use unreasonable force in removing the television set from the possession of Errol Arena and in holding that there was no enforceable claim against K Mart as a result of the above action.
It is clear from the review of the complete record that the actions taken by the employees of K Mart were reasonable under the circumstances. Even according to Mr. Arena's testimony, the only action taken by Mr. O'Brien was to stand in front of the television while he had an employee move it back inside the store and out of the doorway. There was no physical action taken against Mr. Arena personally at any time. Neither plaintiff suffered any physical injury or financial loss as a result of the incident, and the testimony of other witnesses (K Mart personnel and the police) is that the incident lasted only 10-15 minutes. The entire episode occurred without drawing the undue attention of any shoppers.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are to be paid by plaintiff-appellants.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge, dissenting.
When Mr. Arena paid the sum of $341.05 to the cashier, upon the instruction supplied to the cashier by Mr. Callaway, the Assistant Manager, a sale of the television set took place. Clearly, there was error as to price. However, under LSA-C.C. art. 1881, engagements entered into through (inter alia) error are not absolutely null, but are voidable by the parties. It was necessary for K Mart to pursue action in the courts to set aside the sale. For the employees of K Mart to attempt by force to obtain the return of the television set constituted a tortious violation of the Arenas' right of ownership. The television set at the time of the forced return belonged to the Arenas. K Mart was free to pursue action in the courts to have the sale set aside for error as to a principal motive, viz. the price, but until judgment was secured setting aside the sale, the television set belonged to the Arenas.
It is noteworthy that in both of the cases cited by the majority to establish the invalidity of the sale of the television set, the sales of the items in those cases were invalidated by the judgments rendered in those casesthe sales were not held to have been void ab initio.
I respectfully dissent.