296 So.2d 375 (1974)
John P. WHITTINGTON, Plaintiff-Appellant,
v.
GIBSON DISCOUNT CENTER and C. O. Dorsey, Defendants-Appellees.
No. 12325.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
*376 Gamm, Greenberg & Kaplan, by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, by Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before PRICE, HALL and WILLIAMS, JJ.
HALL, Judge.
This appeal by plaintiff, John P. Whittington, is from a judgment of the district court rejecting his demands against defendants, Gibson Discount Center and C. O. Dorsey, for damages arising out of an alleged false arrest and malicious prosecution. We reverse the judgment of the district court and award damages.
On April 16, 1971, plaintiff, who lived in Huxley, Texas and operated a marina on Toledo Bend, went to the Gibson Discount Center located at the corner of Hollywood Avenue and Mansfield Road in Shreveport with a truck and a driver for the purpose of purchasing garden plants and flowers. Several days earlier plaintiff had made arrangements with James S. Garcia, manager of the store's garden center, for the purchase of a substantial quantity of the Center's remaining plants and was quoted prices on an end-of-the-season basis. Garcia gave the information and price list to Grady L. Thomas and Richard C. May, III, also employees in the garden center.
When plaintiff arrived at the store, Garcia was out and he was waited on by May. The plants plaintiff wanted were picked out and were loaded on the truck. A question arose concerning the prices and it was decided that plaintiff should wait for Garcia to return. Plaintiff was also interested in purchasing some other items and wanted to obtain prices on those items.
Plaintiff waited for a considerable period of time, going in and out of the store and to various departments within the store while he was waiting. At one point while he was waiting he moved the truck loaded with the plants from near the door of the garden center to a place in the main parking lot with the knowledge and consent and perhaps at the request of May. May wrote down the license number of the truck and plaintiff noticed that he did so.
While waiting at Gibson's plaintiff realized that it was getting close to closing time at Lorant's Sporting Goods where he had sent another truck and driver to pick up a number of boats being purchased by him from that store. He called Lorant's and learned that the truck was loaded and waiting on him. Plaintiff decided to go to Lorant's and pay for the boats and then to come back to Gibson's at which time Garcia should be back. Plaintiff testified he told May what he was going to do. May denied that plaintiff told him he was going to leave. In any event, plaintiff left Gibson's in the truck, accompanied by the driver, and went to Lorant's located at the corner of Jewella Road and Lakeshore Drive in Shreveport where he settled up for the boats. Before plaintiff left Gibson's, Garcia returned to the store, saw plaintiff and waved at him, but Garcia did not think plaintiff saw him.
After plaintiff left Gibson's, May reported to the security officer, an off-duty policeman, *377 that plaintiff had left the store without paying for the merchandise. The Shreveport Police Department was called and given the description and license number of the truck and an order issued to stop the truck if it was seen.
After finishing his business at Lorant's, plaintiff and the driver started back down Jewella on the most direct route back to Gibson's. The truck was spotted by a Shreveport police officer who pulled up behind the truck at the corner of Jewella and Greenwood Road. The police officer was under the impression the truck was goint to turn right on the Greenwood Road in a westerly direction and honked at the truck. The truck pulled on across the Greenwood Road, still headed back toward Gibson's and pulled over. The police officer informed plaintiff why the truck was being stopped and after some discussion, the police officer, followed by plaintiff and the driver in the truck, drove back to the Gibson Discount Center.
At Gibson's there was a discussion between plaintiff, the police officers, and C. O. Dorsey, manager of the Gibson Store. Dorsey signed an affidavit charging plaintiff with attempted theft and plaintiff was taken to the police station and booked. He posted a $155 cash bond and was released. Subsequently, he was tried in Shreveport City Court and was found not guilty and discharged.
Prior to the incident in question, plaintiff, in connection with his marina operation, had purchased several thousand dollars worth of merchandisemostly sporting goodsfrom Gibson Discount Center. He was known by Dorsey, the store manager, whose secretary happened to be plaintiff's former wife. Plaintiff was known by Garcia, the garden center manager, by virtue of their previous discussion and arrangements about the purchase of the plants. Plaintiff was known by May who had on a previous occasion assisted in loading plaintiff's truck with a large quantity of sporting goods purchased at Gibson's.
The jurisprudence of this state has established rather firm and clearcut principles applicable to malicious prosecution actions. In an action to recover damages for malicious prosecution, the plaintiff must prove (1) termination of the proceeding in favor of the plaintiff; (2) lack of probable cause; and (3) malice on the part of the defendant. The existence of probable cause in any case depends upon the particular facts of that case. Probable cause does not depend merely upon the actual state of the facts, but upon the defendant's honest belief of the facts in making the charge against the plaintiff. Malice exists where the charge is made with knowledge that it is false or with a reckless disregard as to whether it is false or not. See Cormier v. Blake, 198 So.2d 139 (La.App. 3d Cir. 1967) and cases cited therein.
In a recent case, Jones v. Simonson, 292 So.2d 251 (La.App. 4th Cir. 1974) the Fourth Circuit in an opinion authored by Judge Redmann, approached the determination of liability in tort cases of this nature in a more flexible and civilian-oriented manner. Starting from the premise that Louisiana's basic tort law is Civil Code Article 2315, the court noted that categorizations of tort, such as false imprisonment and malicious prosecution, may sometimes impede rather than effectuate the civil law's basic principle of liability for damages caused by fault. Great caution is necessarily demanded in determining fault in the context of society's efforts to suppress crime. Reasonable efforts toward crime suppression should not be punished and, therefore, curtailed by civil liability for simple mistake. However, the efforts must be reasonable; the individual remains obliged to act as a reasonable person would, taking into consideration all of the circumstances. Not every mistake in defending one's self or community against *378 crime is actionable fault, but only such mistake as is not reasonably justified by the surrounding circumstances. The court pointed out that most unjustifiable mistakes could be categorized as cases of malice, but that unqualified recitals that recovery in these cases depends on proof of "false" arrest or "malicious" prosecution in accordance with traditional common law theories do not appear flexible enough.
In the instant case, the action of the defendant store manager and the defendant corporation, acting through its employees, in causing the arrest of the defendant and his prosecution on a charge of attempted theft was not reasonably justified by the surrounding circumstances. The acts of the defendants constituted fault and caused damage to the plaintiff. Applying the traditional tests established by the jurisprudence, the proceeding terminated in favor of the plaintiff, there was a lack of probable cause and there was malice on the part of the defendants in that they acted with a reckless disregard as to the truth or falsity of the charge.
Considering all of the circumstances, the facts were not such as to cause a reasonable man in the position of the store manager or in the position of the other store employees, to believe that plaintiff had committed or attempted to commit a theft of the plants and flowers with the intent to deprive defendant permanently of the property without paying for it. Plaintiff was known to the store employees, having done a substantial amount of business with the store. The plants and flowers were put into plaintiff's possession by the store's employees when they were loaded on his truck. The employees had his license number and a description of the truck. The total value of the plants was only $72. Even if plaintiff did not tell the employees that he was leaving and would be back (and we are inclined to believe he did) there was no reasonable basis for a belief that he was attempting to take the goods permanently and never pay for them. The evidence shows the store employees rigidly applied a company policy to arrest and prosecute anyone who took goods away from the store without paying for them without giving any consideration to the unusual circumstances readily known and apparent to the employees. This was not a run-of-the-mill shoplifting situation and the store employees showed a reckless disregard of the facts in treating it as such.
We conclude the defendants were at fault and are obliged to repair plaintiff's damages caused by their fault.
The only evidence as to the damages sustained by plaintiff is the account of what actually happened to him. He was stopped by the police, escorted back to the store, detained in the store for a period of time and placed under arrest. He was carried to the police station, booked and was released on bond. He appeared in City Court once for arraignment, again on an occasion when the case was continued, and on another occasion for trial at which he was acquitted. No evidence was offered as to any special damages beyond those which would normally ensue from such an experience. We conclude plaintiff is entitled to recover the sum of $2,500.
For the reasons assigned, the judgment of the district court is reversed and it is hereby ordered, adjudged and decreed that there be judgment in favor of the plaintiff, John P. Whittington, and against the defendants, Gibson Discount Center and C. O. Dorsey, in solido, in the full sum of Two Thousand Five Hundred ($2,500) Dollars, together with legal interest thereon from date of judicial demand until paid. All costs, including the cost of appeal, are assessed to the defendants, in solido.
Reversed and rendered.