300 So.2d 249 (1974)
W. E. ROBINSON, Plaintiff-Appellee,
v.
J. C. Wilmer RHODES, Defendant-Appellant.
No. 12389.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
Writ Refused November 22, 1974.
*250 Hal V. Lyons, Shreveport, for defendant-appellant.
Hargrove, Guyton, Ramey & Barlow, by Thomas J. Wyatt, Shreveport, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
Rehearing En Banc. Denied October 1, 1974.
AYRES, Judge.
This is an action for damages for malicious prosecution. There was judgment in the court below in plaintiff's favor, pursuant to a jury verdict, for the sum of $3,766.77. From the judgment thus rendered and signed, defendant appeals.
This action arose out of criminal charges preferred by defendant, accusing plaintiff of theft of building materials valued at the sum of $250.00. Defendant, Rhodes, contracted with plaintiff, Robinson, for the construction of a camp house on Toledo Bend Lake in Sabine Parish, Louisiana, for a price of $12,800.00. Robinson was obligated to furnish all materials and to perform all labor required to complete the construction.
Early in the period of construction plaintiff erected on the building site a small shack or house for overnight sleeping and for storing materials. As the construction proceeded defendant made advances to plaintiff on the contract price. During the course of the construction disputes arose between the parties over various details of the contract. In early June, 1971, plaintiff removed from the premises the small shack or house heretofore referred to. The defendant's charge of theft followed.
Under the authority of a warrant issued pursuant to the charges made, two officers of the Sheriff's Department in Many went to the building site and arrested plaintiff, who was permitted to follow them in his own car to the sheriff's office, where he posted bond and was released after about two hours. He was never incarcerated in jail. Following his arrest plaintiff employed counsel and, after a preliminary examination, was discharged. The matter was subsequently presented to a grand jury but no indictment was returned.
In support of his contention that he acted in good faith, defendant offered testimony to the effect that before bringing the charges against plaintiff he consulted his counsel, as well as the district attorney of the district comprising Sabine Parish, in which parish the offense was alleged to have been committed. Defendant contends, moreover, the evidence does not support a finding that he acted without probable cause and with malice. To the contrary, the evidence shows that defendant had no reasonable basis or grounds upon which to believe plaintiff had committed a theft of *251 defendant's property. At this point it may be noted that it was plaintiff's obligation to furnish the materials necessary for the construction. Obviously the excess thereof, such as those which did not go into the construction of the building, was plaintiff's property.
The law is well settled that when a plaintiff in an action for malicious prosecution is discharged upon preliminary examination, there is a presumption of want of probable cause, and that the defendant who instigated the prosecution has the burden of showing that he acted on probable cause and without malice. Brown v. Vittur, 47 La.Ann. 607, 17 So. 193 (1895); Barrios v. Yoars, 184 So. 212 (La.App., Orl., 1938).
From the record it is reasonable to conclude that defendant had no reasonable basis to believe that plaintiff had committed a theft of defendant's property. The evidence supports a finding that defendant used the means employed in an effort to bring the disputes between the parties, over the construction, to a conclusion. This is an intolerable abuse of the criminal process. Cannell v. Michel, 6 La.Ann. 577 (1851); Lucas v. Ludwig, 265 So.2d 245 (La.App., 4th Cir., 1972); Buisson v. Prestia, 45 So.2d 531 (La.App., Orl., 1950).
The law is well settled that, where one institutes against another a criminal prosecution and there is an acquittal, if the person who instigated the prosecution is to avoid liability for damages he must do so on the ground that he acted with probable cause and without malice. The burden however, is ordinarily upon plaintiff to prove both malice and the absence of probable cause. But the authorities have firmly established the rule that where a committing magistrate, without a trial, has discharged the accused, or the prosecuting officer has dismissed the charge, or where a grand jury has returned a nobill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant. Barrios v. Yoars, supra. See also Brown v. Vittur, supra, where it was held that the discharge of a plaintiff by a committing magistrate is prima-facie evidence of the want of probable cause and thereby the burden of proof is shifted to the defendant. Want of probable cause was also held therein to constitute presumptive evidence of malice. Defendant in the instant case did not overcome this presumption.
Defendant's principal argument on appeal appears to be directed at the quantum of the award of damages. Plaintiff offered evidence to support an award of $766.77 for special damages. There is no real problem or contention as to this portion of the award. The main problem arises from the use by the jury of the word "punitive" in its written verdict. This term was never used by either counsel or the judge during the course of the trial. Counsel for plaintiff and the judge in his instructions referred to "general" and "special" damages. Plaintiff submits that the jury really meant "general" when it said "punitive." While it appears there may be some logic in counsel's argument, nevertheless it would appear to us to be presumptive on our part and a matter of conjecture as to just what the jury intended. Accordingly, it does not appear that we should accept at full face value the jury's award. This, plaintiff's counsel virtually concedes when he argues in brief that this court has the power, under the Constitution, to try the issues de novo on the face of the record, citing Lewis v. Travelers Insurance Company, 247 So.2d 635 (La.App., 3d Cir., 1971writs refused). In doing so counsel submits that the result will be identical with the jury's verdict.
In Whittington v. Gibson Discount Center, recently before this court, 296 So. 2d 375 (La.App., 2d Cir., 1974), plaintiff therein was awarded general damages in *252 the sum of $2,500.00. There, after plaintiff left defendant's store he was stopped by the police, escorted back to the store, detained in the store for a period of time, and placed under arrest. He was thereafter carried to the police station, booked, and released on bond. He appeared in city court once for arraignment, again on an occasion when his case was continued, and on another occasion for trial, at which he was acquitted. No evidence was offered as to any special damages beyond those which would normally ensue from such an experience. In the instant case the charges came to naught; plaintiff was released on a preliminary examination and a grand jury failed to return an indictment against him.
Our conclusion is that an award of $2,250.00 is sufficient to cover the general damages sustained by plaintiff in the instant case.
The judgment appealed is accordingly reduced to the sum of $3,016.77 and, as thus amended, affirmed. Plaintiff-appellee is assessed with the costs of the appeal.
Amended and affirmed.