336 So.2d 44 (1976)
Pearl J. BRISTOW, Plaintiff-Appellant,
v.
John H. MESSER and Celestine Messer, Defendants-Appellees.
No. 12944.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
*45 Hal V. Lyons, James L. Fortson, Jr., Shreveport, for plaintiff-appellant.
Ford E. Stinson, Benton, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
JONES, Judge.
Plaintiff, Pearl J. Bristow, sued defendants, John H. and Celestine Messer, for damages arising out of an alleged malicious prosecution of plaintiff by defendants. Defendants answered in the nature of a general denial and reconvened for damages allegedly suffered as a result of plaintiff's suit.
Plaintiff and defendants are next door neighbors. There had been friction between them for some time previous to the incident out of which this law suit arises. The police had been summoned by defendants on two prior occasions. One incident involved limbs allegedly placed by plaintiff at least partially in defendants' driveway. The second altercation occurred when plaintiff attempted to remove a part of defendants' hedge during a rainstorm to allow better drainage. Apparently the investigating officer on those occasions did not talk with plaintiff personally.
The third occasion and the one which precipitated this law suit, was July 10, 1975. Although there is some dispute as to what plaintiff actually did, it appears she kicked or pitched defendants' garbage can into defendants' driveway. The Messers then called the police who came to defendants' home to investigate. Mrs. Messer related the details of the incident to the officers.
The evidence reveals that the officers told the Messers that no action would be taken against plaintiff unless defendants signed a formal complaint. Upon Mr. Messer agreeing to sign the required affidavit, the officers arrested plaintiff. About 20 or 30 minutes after the arrest, Mr. Messer signed the affidavit at the police station. He testified that when he signed the affidavit, it had not been filled out by the officers who told Messer they would supply the necessary information. Messer testified that when the officers went to plaintiff's house, he did not know they were going to arrest her but thought they were merely going to talk to her.
Plaintiff was subsequently tried on a charge of criminal mischief and was acquitted on a motion for directed verdict. Unfortunately the arrest had been reported in the Bossier weekly newspaper in the Fuzz Buzz. Plaintiff was required to attend court on several occasions before the criminal charges were finally resolved in her favor. She was unquestionably embarrassed and humiliated by the whole affair.
On a finding that defendants acted without malice, and with reservations about whether there was a lack of probable cause, the trial court granted judgment in favor of defendants rejecting the demands of *46 plaintiff. Defendants' reconventional demands were also rejected. Costs were assessed half to plaintiff and half to defendants. Plaintiff appeals. We affirm the judgment of the lower court.
Louisiana jurisprudence has defined the elements of a successful civil action for malicious prosecution. The Supreme Court in Robinson v. Goudchaux's, 307 So.2d 287 (1975) approved the following statement with respect to such actions:
"`An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff.'" Id. at page 289.
Plaintiff proved the first three elements. The question before this court is whether defendants acted without probable cause and with malice in instituting the proceedings against plaintiff.
The existence of probable cause in any case depends upon the particular facts of that case. Probable cause does not depend merely upon the actual existence of particular facts, but upon the defendant's honest belief of the facts in making the charge against the plaintiff. Malice exists where the charge is made with knowledge that it is false or with reckless disregard for whether it is false or not. See Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App.2d Cir. 1974).
After personally observing plaintiff pitch or kick defendants' trash cans, and with the knowledge of the strained relations previous to this incident, Mrs. Messer sought the assistance of the police officers. After questioning plaintiff, the police officers, apparently without making their intentions absolutely clear to the Messers, went next door and arrested plaintiff. Messer signed the affidavit only after being told that no future action with respect to these disputes would be taken if he refused to sign. While it is true the affidavit was blank at the time he signed it, it was not unreasonable for him to believe the officers would complete it in accordance with the facts which he had related to them.
While it is difficult to envison plaintiff's actions as being criminal, in light of past difficulties between defendants and plaintiff, it was not totally unreasonable for defendants to resort to the police. This case is distinguishable from the situation presented when one makes a charge of actions that are themselves a specific crime, for example, theft. In the instant situation, certain facts existed or, at least, were honestly felt to exist by defendants. These facts were conveyed to the police officers who themselves, apparently without any further encouragement from the defendants, supplied the specific charge. Defendants acted in good faith under the guidance of law enforcement officials.
While we cannot condone the needless exposure of citizens to the harshness of the criminal process for such venial indiscretions as committed by plaintiff, we recognize that resort to law enforcement officials can not be inordinately curtailed for fear that the alternatives chosen by the parties would be even more undesirable. The answer, of course, lies with the investigating officer's more prudent application of his broad discretion. Under the facts presented in this case, defendants acted with probable cause, in good faith, and without malice.
Although defendants complain that the trial court improperly assessed half the costs to them, they neither answered plaintiff's appeal nor took their own appeal. *47 The judgment of the trial court is, therefore, final as to them.
For the foregoing reasons, the judgment of the lower court is affirmed.
The costs of this appeal are assessed to plaintiff.
Affirmed.

ON APPLICATION FOR REHEARING
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.
PER CURIAM.
Defendants show in an application for rehearing that we incorrectly stated that defendants did not answer plaintiff's appeal. Defendants contend that we should, therefore, grant rehearing and reverse the lower court's assessment of one-half costs below to defendants.
Defendants reconvened below against the plaintiff. The reconventional demand was rejected. We find no error in this respect nor in the assessment of costs below. The application for rehearing is denied.