344 So.2d 110 (1977)
Calvin CULPEPPER, Plaintiff-Appellee,
v.
Claude BALLARD, Defendant-Appellant.
No. 13182.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
*111 James B. Wells & Associates by James B. Wells, Bossier City, for defendant-appellant.
James L. Fortson, Jr., Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
This is an action for damages for malicious prosecution. The trial court rendered judgment in favor of plaintiff for $2,500 and defendant appealed. We affirm.
Plaintiff and his wife rented a furnished apartment from defendant. The oven furnished with the apartment did not work properly, in spite of several efforts to repair it. Shortly before Christmas, 1973, defendant bought a new toaster, took it to the apartment, and handed it to plaintiff's wife. Plaintiff's position is that defendant said the toaster was a Christmas gift. Defendant's position is that he did not say it was a gift and that it was intended as a replacement for the defective oven. The testimony establishes that regardless of defendant's true intention, plaintiff had reason to believe the toaster was a gift.
Within a few days a check given by plaintiff to defendant for rent was returned marked insufficient funds. Plaintiff and defendant argued over the rent check on Christmas eve night.
On January 3, 1974, defendant posted a notice to vacate on the door of the apartment. On the same day, plaintiff moved into an apartment across the street. Defendant watched plaintiff move and saw the toaster among the belongings moved into the new apartment. Defendant said cnothing to plaintiff about the toaster.
Three days later defendant went to the Bossier City Police Station and made a complaint that plaintiff had taken his toaster without permission. Defendant signed a blank affidavit form, assuming (according to his own testimony) that the police would arrest plaintiff and get his toaster. Plaintiff was arrested, charged with theft of the toaster valued at $12, and stayed in the Bossier City jail from Sunday evening until Monday night, when he was able to post bond. He was tried on the theft charge in the City Court of Bossier City and found not guilty. Defendant testified against plaintiff at the trial.
*112 An action for malicious prosecution lies where there is a concurrence of the following elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding;
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) Its bona fide termination in favor of the present plaintiff;
(4) The absence of probable cause for such proceeding;
(5) The presence of malice therein; [and]
(6) Damage conforming to legal standards resulting to plaintiff.
Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975).
The first three elements and the sixth element were clearly established. Defendant caused the commencement of a criminal proceeding against plaintiff, which proceeding terminated in favor of plaintiff. Plaintiff was damaged by defendant's actions. The issues on appeal relate to probable cause and malice.
The existence of probable cause in any case depends upon the particular facts of that case. Probable cause does not depend merely upon the actual state of the facts, but upon the defendant's honest belief of the facts in making the charge against the plaintiff. Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App.2d Cir.1974).
Defendant did not have probable cause to believe plaintiff committed a theft of the toaster. Even if defendant reasonably believed he was the owner of the toaster, under the circumstances he should have just as reasonably believed there could have been a misunderstanding on plaintiff's part as to ownership. The toaster was moved with plaintiff's other belongings, in plain sight, with defendant watching. It was only moved to plaintiff's apartment across the street. Its value was small. The facts were not such as to cause a reasonable man in the position of defendant to believe that plaintiff committed the crime charged.
Malice exists where the charge is made with knowledge that it is false or with a reckless disregard as to whether it is false or not. Whittington v. Gibson Discount Center, supra. Where there is a want of probable cause resulting from a wanton and reckless disregard of the rights of the party charged, showing absence of the caution and inquiry a man should employ before making the charge, malice will be inferred. Robinson v. Goudchaux's, supra.
Defendant acted with malice. The lack of probable cause and the failure to say anything to plaintiff or to otherwise make any inquiry indicates malice. There was friction between the parties. Defendant's actions were calculated to cause plaintiff to be arrested and to get his toaster back. He used the criminal process to resolve personal and civil differences. As stated in Robinson v. Rhodes, 300 So.2d 249 (La.App.2d Cir.1974), writ refused 303 So.2d 178 (1974): "This is an intolerable abuse of the criminal process."
Bristow v. Messer, 336 So.2d 44 (La.App.2d Cir.1976), cited by defendant, is not similar to this case. In Bristow the defendant related facts to the police who took it upon themselves to initiate criminal proceedings. In the instant case defendant made specific criminal charges calculated to cause the arrest of the plaintiff with reckless disregard for the truth of the charge.
The action of defendant in causing the arrest of the plaintiff and his prosecution on a charge of theft was not reasonably justified by the surrounding circumstances. Defendant's acts constituted fault and caused damage to the plaintiff which defendant is obliged to repair under LSA-C.C. Art. 2315. See Whittington v. Gibson Discount Center, supra, and Jones v. Simonson, 292 So.2d 251 (La.App.4th Cir.1974).
The judgment of the district court is affirmed at appellant's costs.
Affirmed.