446 So.2d 526 (1984)
SUCCESSION OF Woodrow WILSON, Sr., Plaintiff-Appellant,
v.
Willie E. WILSON, et al., Defendant-Appellee.
No. 83-453.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*527 Griffing & Johnson, George Griffing, Jonesville, for plaintiff-appellant.
Jack F. Owens, Jr., of Reeves & Owens, Harrisonburg, Louis L. Vogt, Jonesville, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
*528 STOKER, Judge.
This case comes to us as an appeal from a judgment on a rule to show cause which (1) ordered the cancellation of plaintiffs' Notice of Lis Pendens filed in the records of Catahoula Parish, Louisiana, and (2) ordered that the defendants and movers in the rule be dismissed from the lawsuit with prejudice.
The plaintiffs and appellants are the Succession of Woodrow Wilson, Sr., represented by the succession administratrix, Theresa Wilson Royer, and Theresa Wilson Royer in her individual capacity as a child and heir of Woodrow Wilson, Sr. The appellees, the movers in the rule to show cause, are Rose Major Wilson, Katie Major Wilson, Patronella Major, and Agnes Major Johnson.
The facts of the case were not developed by a full scale trial and only minimum facts may be determined from the pleadings and the hearing on the rule to show cause. The trial judge did not hand down written reasons for judgment and at the conclusion of the hearing announced his decision without particularizing his reasons. Under the circumstances we must develop the facts from the record and the comments and arguments of counsel during the hearing on the rule to show cause. The following resume recites the facts as we understand them and to some extent is based on the pleadings. As we ultimately base our ruling on noticing an absence of a cause of action against the appellees under C.C.P. art. 927, we may draw upon the facts set forth in the plaintiffs' petition.

FACTS
This litigation involves immovable property described in plaintiffs' petition as:
"All the NW/4 lying South of Deer Creek; the N/2 of the SW/4; and a 22 acre strip off the West side of the NE/4 of Section 4, Township 10 North, Range 7 East, Catahoula Parish, Louisiana."
The petition alleges that defendants Willie E. Wilson and Emma Jean Wilson sold the property to defendants Rose Major Wilson, Katie Major Brown, Patronella Major and Agnes Major Johnson. We will refer to the latter named defendants as the "Majors." The sale to the Majors took place on June 27, 1981. The petition alleges that this sale was recorded in COB 120 at page 629 of the records of Catahoula Parish. Willie E. Wilson and Emma Jean Wilson acquired the property from Woodrow Wilson, Sr., husband of Julia Mae Wilson, through a credit sale dated March 24, 1981. Although this sale recites that the sale is a credit sale, and recites that the purchase price of $15,000 is represented by a promissory note, it does not appear that the property was mortgaged in the sale instrument to secure the payment of the note. Nevertheless, the sale appears to have been recorded in the mortgage records of Catahoula Parish in MOB 109 at page 215, as well as in the conveyance records at COB 119 at page 651.
Plaintiffs seek through this action to have both of the sales mentioned above set aside, voided and canceled on the records of Catahoula Parish. Copies of both of these instruments of sale are attached to plaintiffs' petition as exhibits A and B. Plaintiffs urge in their petition that the initial sale (the sale from Woodrow Wilson, Sr. to Willie E. Wilson and Emma Jean Wilson) was invalid or voidable for a number of reasons including fraud, misrepresentation, nonpayment of the purchase price, lesion, nullity of donation, and simulation. Plaintiffs also assert that collation is due from Willie E. Wilson. The judgment appealed from affects a dismissal of the Majors only; it does not affect any issues between plaintiffs and Willie E. Wilson and Emma Jean Wilson which might otherwise remain such as the matter of collation.
The petition alleges that Woodrow Wilson, Sr. and Julia Mae Crossley Wilson had ten children. Petitioner Theresa Wilson Royer is one of the children and defendant Willie E. Wilson is another. Many of the representations and claims set forth in the petition are based on the family relationship between Woodrow Wilson, Sr. and his vendee, Willie E. Wilson, and the remaining children.
*529 The Notice of Lis Pendens and the plaintiffs' initial suit was filed on December 11, 1981 which, according to the allegations of the petition itself, was after both of the sales referred to above had been recorded in the records of Catahoula Parish. Under the circumstances the Notice of Lis Pendens could not affect the sale to the Majors. Indeed, the purpose of the notice as set forth in LSA-C.C.P. art. 3751 is to "constitute notice to a third party not a party" to the action which has been brought. Karst v. Fryar, 430 So.2d 318 (La.App. 3rd Cir.1983). Nevertheless, if plaintiffs' petition alleged any facts which might, if proved, result in voiding and setting aside the sale to the Majors, it would appear that plaintiffs would be entitled to have their Notice of Lis Pendens remain of record.
In view of what we have said, both as to the cancellation of the Notice of Lis Pendens and the dismissal of the Majors from the suit, the issue in this case turns on whether the plaintiffs' petition sets forth a cause of action against the Majors.
At this point we digress to state that one of the complaints made in brief on behalf of plaintiffs is that a rule to show cause may not be used as the basis for a dismissal of an action, particularly where, as here, the rule sets forth no reasons for dismissing the action as to the Majors. The appellants urge that the Majors filed neither an exception of no cause of action nor an exception of no right of action. Appellants also raise the objection that the rule to show cause was not signed by defendants or their attorney. (The order for plaintiffs to show cause was signed by the judge following a recital that the court's order was made on motion of the defendants.) The rule to show cause was no doubt quite proper to bring up the issue of cancellation of the Notice of Lis Pendens.
There are two reasons why appellants' complaint regarding the dismissal of their action on the rule is not well founded. First, it is settled that courts look through the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. Griffith v. Roy, 263 La. 712, 269 So.2d 217 (La.1972) and Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3rd Cir.1983), writ denied 435 So.2d 426, 440 (La.1983). We consider that the rule to show cause in this case, insofar as it relates to the dismissal order, was in reality an exception of no cause of action. A second point is that the absence of a cause of action may be noticed by either the trial or appellate court on its own motion. LSA-C.C.P. art. 927.
Particularly under the authority of C.C.P. art. 927, the issue in this case comes down to whether plaintiffs' petition states a cause of action against the Majors.
Inasmuch as the sale to the Majors was recorded in the public records of Catahoula Parish prior to the filing of plaintiffs' suit and Notice of Lis Pendens, none of the matters alleged in plaintiffs' petition could affect the Majors. They are third parties who have relied on the public records. LSA-C.C.P. art. 3751; McDuffie v. Walker, 125 La. 152, 51 So. 100 (La.1909), and LeBoeuf v. Malbrough, 188 So.2d 196 (La. App. 1st Cir.1966). No discussion of the well established principles enunciated in these cases is necessary.
We have carefully considered the plaintiffs' petition as supplemented and amended and can discover no allegations under which the title acquired by the Majors can be attacked. Paragraph 13 of the original petition sets forth the following allegations:
"Petitioner shows that the above named vendees were and still are fully cognizant of the questionable circumstances surrounding the acquisition of the property by Willie E. Wilson and Emma Jean Wilson from Woodrow Wilson, Sr."
Assuming that the Majors were cognizant of all that plaintiffs allege they were, the allegation does not amount to a charge of fraud on the part of the Majors and does not charge them with collusion. The following statement from LeBoeuf v. Malbrough, supra, covers the subject:

*530 "The jurisprudence ... has firmly established the rule that in the absence of allegation and proof of fraud or collusion, the good faith of a purchaser can be affected only by what appears on the public record. The landmark case so holding is McDuffie v. Walker, 125 La. 152, 51 So. 100. The McDuffie case has been followed on innumerable occasions including the fairly recent decision of this court, namely, Burt v. Valois, La. App., 144 So.2d 196. In substance McDuffie v. Walker, supra, holds that despite the purchaser's personal knowledge of defects in the vendor's title, the purchaser is nevertheless in good faith so long as there exists nothing on the face of the public record sufficient to put him on notice of an adverse claim."
Because we conclude that the Majors' title is good, plaintiffs' sole remedy, if they are entitled to any, is against defendants Willie E. Wilson and Emma Jean Wilson personally. Plaintiffs' rights do not extend to the immovable property in question. Under the circumstances the Majors were entitled to the relief granted by the judgment appealed from, namely, to be dismissed from the plaintiffs' action and to have canceled the Notice of Lis Pendens affecting their property. Therefore, we affirm the trial court's judgment treating the pleading which brought the matter to a hearing insofar as it affects the motion to dismiss as an exception of no cause of action.
Prior to considering the rule discussed above the trial court had sustained an exception of prescription. This exception was leveled at plaintiffs' allegation of incapacity of Woodrow Wilson, Sr. at the time he sold his property. We regard the sustaining of that exception of prescription as affecting the action only insofar as it was based on the alleged incapacity. In fact, the exception was more in the nature of a motion to strike plaintiffs' allegations concerning incapacity based on prescription, and that is what the trial court's judgment ordered when it sustained the exception.
For the reasons assigned, we affirm the judgment of the trial court appealed from. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.