KNOLL, Judge.
Roger D. Blood appeals from a judgment dismissing his claim for damages against the State of Louisiana, Department of Wildlife and Fisheries, and game warden, John Broussard, for malicious prosecution. The trial court found in favor of the State because probable cause did exist to charge Blood with taking illegal deer and hunting deer at night. Blood assigns as error that the trial court committed manifest error in its finding of probable cause for his arrest 2V2 months following the alleged game violations when he was not arrested nor ticketed on the night of the alleged incident, and, that no further evidence was gathered during that period of time. After a careful *1007 review of the record we affirm, finding probable cause did exist.
On November 19, 1981, Agent John Broussard received a phone call at approximately 6:20 p.m. complaining of someone firing shots in a field in the Lone Pine area. Agents Broussard and Roy Allen Vidrine responded to the phone call and commenced an investigation. Several persons informed the agents that they heard shots at approximately 6:10 p.m. On that particular day, legal shooting hours ended at 5:41 p.m. Blood, his brother, and his nephew were seen leaving the field that evening. Blood told the agents that he fired five shots at a buck that evening about 5:30 or 5:35 p.m. The next day two dead deer, a doe and a fawn, were found in the field. Both had been shot, apparently with a 30-06 rifle. Agent Broussard testified that on the night he questioned Blood, Blood said he had used a 30-06 rifle. At trial, however, Blood testified that he used a 243 rifle.
On February 26, 1982, Blood was charged with taking illegal deer in open season and hunting deer at night, violations of LSA-R.S. 56:123 E(l) and (2). The case was tried on April 2, 1982, and Blood was acquitted. The trial court found that the State had not proved Blood’s guilt beyond a reasonable doubt. After Blood’s acquittal, he filed this action against the State and Agent Broussard for malicious prosecution.
In order to prevail in a malicious prosecution action, the plaintiff must prove the following elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Jones v. Soileau, 448 So.2d 1268 (La.1984); Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980); Breda v. Attaway, 371 So.2d 1270 (La.App. 3rd Cir. 1979). The only element contested is the lack of probable cause.
The existence of probable cause in any case depends upon the particular facts of that case. Probable cause does not depend merely upon the actual state of the facts, but upon the defendant’s honest belief of the facts' in making the charge against the plaintiff. Culpepper v. Ballard, 344 So.2d 110 (La.App. 2nd Cir.1977); Bristow v. Messer, 336 So.2d 44 (La.App. 2nd Cir.1976).
Blood contends that there was no probable cause to arrest him on the night of the alleged incident or any time thereafter. Blood places much emphasis on the fact that he was not arrested until 2½ months later. Blood argues that both Agents .Broussard and Vidrine admitted at trial that there was not enough evidence or probable cause to arrest or ticket him or other hunters in his party on that evening; and further, that Agent Broussard stated that on the following day after more in the field investigation was done and the alleged deer were'found, no tickets or arrests were made; therefore, since he was not immediately arrested, there was .no probable cause to arrest him later. We disagree.
The record does not support Blood’s allegation. Agent Broussard testified that he did not arrest Blood immediately because he wanted to investigate further, obtain signed statements from the witnesses, prepare his report, and consult with the District Attorney. Moreover, a law enforcement officer is not required to arrest a suspect at the point at which probable cause for the arrest arises. State v. Coleman, 412 So.2d 532 (La.1982); Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). It is well settled that a suspect has no constitutional right to be arrested as soon as the officer has probable cause to do so. State v. Bailey, 410 So.2d 1123 (La.1982). In the immediate case it is clear that the agents were merely taking precautions to insure a thorough investigation and an accurate report.
During the first two days of the investigation, the agents received the following information from several persons: *1008 shots were fired after dark at approximately 6:10 p.m.; Blood was seen leaving the field a few minutes after the shooting; Blood uses a 30-06 rifle; Blood fired five shots at a buck that evening; and, two illegal deer were found shot, apparently with a 30-06 rifle, and dead in the same locale. Although this was sufficient evidence to support probable cause for the arrest of Blood, the agents felt they should investigate further since some of this information was inconsistent with Blood’s account of what transpired that evening. We find the agents’ further investigation of this offense reflects their good faith rather than malice.
Blood further contends that no additional evidence was gathered during the 2lk months following the incident. This allegation is unsupported by the record. Agent Broussard testified that it was during this period of time that he got signed statements from the witnesses and consulted with the District Attorney. He wanted to present the statements to the District Attorney and complete his report before making the arrest. In its reasons for judgment, the trial court stated:
“... Apparently because of the press of business, the investigation was continuing and charges were not filed until January ⅛, 1982. During the time of the investigation before charges were filed, the District Attorney, Mr. J. William Pucheu, was consulted by Lt. John Broussard wherein he was informed if he would get the names of the witnesses and statements that charges should be filed, Mr. Blood would be prosecuted. ”
The District Attorney testified that he had two sessions with Agent Broussard regarding this case. He did not evaluate the case nor make a determination as to probable cause until Agent Broussard presented the signed statements and his report. The report was not completed until some time in February.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to appellant, Roger D. Blood.
AFFIRMED.