GUIDRY, Judge.
The issues presented for review in this appeal stem from an earlier proceeding brought by Theresa Wilson Royster, individually and in her capacity as administra-trix of the succession of Woodrow Wilson, Sr., against Willie Earl Wilson, Emma Jean Wilson, Rose Major Wilson, Katie Major Brown, Patronella Major and Agnes Major *715 Johnson Naphier, the latter four being collectively referred to as the Majors. In the earlier proceeding, Royster sought the cancellation of a sale of immovable property from Woodrow Wilson, Sr. to Willie and Emma Wilson dated March 24, 1981, and also a subsequent sale of the same property from the Wilsons to the Majors on June 27, 1981. In support of her demand, Roy-ster alleged that the sale from Woodrow Wilson, Sr., (her father) to Willie Earl (her brother) was a nullity because it was a simulation and/or a donation in disguise; the property was obtained by Willie Earl through fraud, misrepresentation or forgery; and/or, no payments had ever been made by Willie Earl for the purchase of the property. The property in dispute consisted of an undivided interest in 33 acres which formed part of a 222 acre tract located in Catahoula Parish. The Majors had earlier acquired all other interests in the 222 acre tract. In connection with her suit, Royster caused a notice of lis pendens to be filed against the entire 222 acre tract.
The Majors answered the petition and reconvened for damages for malicious prosecution. The Majors thereafter filed a “rule to show cause”, seeking the dismissal of Royster’s suit against them and also cancellation of the notice of lis pendens. Following a hearing on this rule, the trial judge rendered judgment dismissing the Majors from the lawsuit with prejudice and ordering cancellation of the notice of lis pendens. Royster suspensively appealed the trial court’s judgment. We affirmed the judgment of the trial court in Succession of Wilson v. Wilson, 446 So.2d 526 (La.App. 3rd Cir.1984), concluding that: (1) the Majors’ rule to show cause was in reality an exception of no cause of action and was to be treated as such; and, (2) the Majors were third parties who had relied on the public records and therefore could not be affected by the lawsuit filed by Royster, absent allegations of fraud or collusion on the part of the Majors. Quoting from the case of LeBoeuf v. Malbrough, 188 So.2d 196 (La.App. 1st Cir.1966), we stated in Wilson, supra, that:
“The jurisprudence ... has firmly established the rule that in the absence of allegation and proof of fraud or collusion, the good faith of a purchaser can be affected only by what appears on the public record. The landmark case so holding is McDuffie v. Walker, 125 La. 152, 51 So. 100. The McDuffie case has been followed on innumerable occasions including the fairly recent decision of this court, namely, Burt v. Valois, La.App., 144 So.2d 196. In substance McDuffie v. Walker, supra, holds that despite the purchaser’s personal knowledge of defects in the vendor’s title, the purchaser is nevertheless in good faith so long as there exists nothing on the face of the public record sufficient to put him on notice of an adverse claim.”
The sole allegations levied against the Majors in the petition of Royster were that the Majors “... were and still are fully cognizant of the questionable circumstances surrounding the acquisition of the property by Willie E. Wilson and Emma Jean Wilson from Woodrow Wilson, Sr.”, and that they “... knew or should have known of the irregularity, invalidity and avoidability of said purported sale”. Such allegations, we held, did not constitute allegations of fraud or collusion on the part of the Majors.
Following the finality of our judgment which affirmed the dismissal of Royster’s suit against the Majors, a hearing was held on their reconventional demand.[1] On March 24, 1986, the trial court rendered judgment awarding each of the Majors damages for malicious prosecution. Rose Major Wilson, Katie Major Brown and Pa-tronella Major were each awarded the sum of $125.00 and Agnes Major Johnson Na-phier was awarded the sum of $125.00 plus an additional $1,500.00 for travel expenses which she incurred in travelling to Louisiana from Michigan on several occasions to *716 defend this suit.[2] Both parties have appealed from this judgment.
The determinative issues on appeal are whether Naphier successfully established her right to damages for malicious prosecution; and, if so, whether the damage award is inadequate.
As correctly noted by the trial judge, in his written reasons for judgment, a plaintiff, in a suit for malicious prosecution, must establish six elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against the present plaintiff who was a defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and, (6) damages resulting to plaintiff which conforms to legal standards. Jones v. Soileau, 448 So.2d 1268 (La.1984); Blackwell v. Blackwell, 479 So.2d 1085 (La.App. 3rd Cir.1985).
We are satisfied with the trial court’s ruling that the first three elements were established. It is undisputed that the Majors were made defendants in the instant suit brought by Royster, individually and as administratrix of the Succession of Willie Wilson, for the cancellation of the sales in question. Such action was terminated favorably to the Majors when this court affirmed the trial court’s dismissal of the Majors from the suit on the exception of no cause of action. We next consider correctness of the trial court’s conclusion that plaintiff likewise established that the proceeding was instituted by Royster without probable cause and with malice.
In Blackwell v. Blackwell, supra, this court discussed the elements of probable cause and malice as follows:
“The existence of probable cause in any case depends upon the particular facts of that case. Probable cause does not depend merely upon the actual state of facts, but upon the defendant’s honest belief of the facts in making the charge against the plaintiff. Blood v. State, D. of Wildlife & Fisheries, supra [458 So.2d 1006 (La.App. 3rd Cir.1984) ]; Culpepper v. Ballard, 344 So.2d 110 (La.App. 2nd Cir.1977); Bristow v. Messer, 336 So.2d 44 (La.App. 2nd Cir.1976). Where there is a lack of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit, malice will be inferred. Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975). Damages are to be presumed when all other elements of a suit for malicious prosecution are satisfied. Hibernia Nat. Bank of New Orleans v. Bolleter, supra. A reviewing court should not disturb an award absent a clear abuse of discretion under the particular circumstances of the case. Reck v. Stevens, 373 So.2d 498 (La.1979).”
In the instant case, Royster filed suit against Willie and Emma Wilson, her brother and sister-in-law, and against the Majors to have cancelled the sales of an undivided interest in certain property which her father, Woodrow Wilson, Sr. had sold just one month prior to his death on April 27, 1981. In July of 1981, upon learning of the two sales, Royster came to Louisiana from Michigan to investigate and to determine what course of action she should pursue. After discussing her suspicions with an attorney and in an effort to protect her legitimate and the legitimate of her other eight brothers and sisters, Royster filed the instant suit and the notice of lis pen-dens in December of 1981.
In concluding that there existed a lack of probable cause for Royster to institute suit *717 against the Majors, the trial judge stated in his written reasons for judgment:
“It is felt a lack of probable cause and malice existed herein. First, there are no allegations of fraud or collusion by Defendants in Reconvention in the original lawsuit. They were dismissed on a rule to show [sic] (an exception of no cause of action). This family was quite close in that Mrs. Royster discovered the sale of the property while visiting Mrs. Naphier. There was no attempt made by anyone of Defendants in Reconvention to determine Plaintiffs in Reconvention good faith. It was simply assumed that Plaintiff in Re-convention acted in concert with Willie Wilson even though there are no allegations to that effect.”
As noted earlier, in Wilson, supra, we determined that Royster’s petition did not state a cause of action against the Majors because there was an absence of any allegations of fraud or collusion on the part of the Majors. Absent such allegations, Roy-ster was without a remedy against the Majors, who were third party purchasers in reliance upon the public records. However, there is evidence in the record to indicate that Royster honestly believed that there were acts of collusion between Willie Wilson and the Majors involving the purchase of the disputed property. Such suspicions can be understood in light of the fact that unbeknown to the other Wilson heirs, the Majors purchased the property in question only three months after the Wilsons acquired it from Woodrow Wilson, Sr., and only two months after the senior Wilson’s death. These suspicions were related to Royster’s attorney who subsequently drafted the petition in the instant case, naming the Majors as defendants in the suit. Apparently, Royster was advised that, under the circumstances, she did indeed have a cause of action against the Majors as well as the Wilsons. In any event, one could hardly conclude that Royster acted without caution or inquiry and in total disregard of the rights of the Majors. For these reasons, we conclude that the trial court clearly erred in finding that Royster acted without probable cause.
We likewise conclude that the trial court clearly erred in determining that, under the circumstances, the presence of malice should be inferred. There is absolutely no evidence in the record to support the conclusion that Royster’s actions were founded on actual malice. Further, under the circumstances, there is no justification for an inference of malice. There was no “absence of that caution and inquiry a party should employ before filing suit”. To the contrary, Royster came down from Michigan to Louisiana to investigate the sales in question upon learning of them. After seeking the advice of an attorney, Royster proceeded to file suit against the Majors as well as the Wilsons. The petition drafted by Royster’s attorney, however, was faulty, in that, it failed to allege fraud or collusion against the Majors. If such allegations had been set forth in the petition, a cause of action against the Majors would have been stated. The record supports a finding that Royster acted in good faith, upon the advice of counsel, and with probable cause.
For the above and foregoing reasons, the judgment of the trial court dated March 24, 1986, in favor of Rose Major Wilson, Katie Major Brown, Patronella Major and Agnes Major Johnson Naphier, and against Theresa Wilson Royster, is reversed and set aside. Judgment is rendered in favor of Theresa Wilson Royster, in her capacity as Administratrix of the Succession of Woodrow Wilson, Sr., and in her individual capacity, dismissing the Majors’ reconven-tional demand. All costs at the trial level and on appeal are assessed against plaintiffs-in-reconvention.
REVERSED AND RENDERED.

. Although Willie Earl and Emma Jean Wilson were also made defendants to the Majors’ recon-ventional demand, they were not represented at *716 the hearing on the matter, nor was any judgment rendered against them.

. The trial court apparently erred in awarding damages to all four of the Majors, since Agnes Major Johnson Naphier was the only plaintiff-in-reconvention present at the hearing on the reconventional demand to establish the damages’ which she allegedly sustained as a result of Royster’s suit and the notice of lis pendens. At that hearing, counsel for plaintiffs-in-reconvention stipulated that only Naphier was seeking damages.