PLOTKIN, Judge.
Pursuant to instructions from the Louisiana Supreme Court, 536 So.2d 1203 we render this opinion based on the evidence in the record as it exists, despite the fact we originally remanded the case for a new trial because of procedural errors at the trial level. We adopt, without repeating them here, the findings of fact and conclusions of law stated in our original opinion. Dean v. Nunez, 534 So.2d 1282 (La.App. 4th Cir.1988).
The only remaining issue in this case is whether Lynn Dean was maliciously prosecuted by his eight co-members of the St. Bernard Parish School Board. Specifically, the only question left for this court to decide is whether the defendants, who instigated the complaint and prosecution, satisfied their burden of proving that they acted on probable cause and without malice. See Robinson v. Rhodes, 300 So.2d 249, 251 (La.App. 2d Cir.), writ refused 303 So.2d 178 (La.1974). The parties concede that all *261 the other elements of malicious prosecution were present.
The determination of the existence of probable cause hinges on the particular facts of the case under consideration, since it depends not only on the actual state of affairs, but also on the defendant’s honest beliefs at the time the charge was made. Blood v. State, Department of Wildlife and Fisheries, 458 So.2d 1006, 1007 (La.App. 3d Cir.1984); Bristow v. Messer, 336 So.2d 44, 46 (La.App. 2d Cir.1976). Therefore, the crucial issue is whether the defendants had an honest and reasonable belief in the guilt of the plaintiff at the time they pressed charges.
In the instant case, based on the materials before us, we cannot conclude that the jury committed manifest error when it elected to believe contentions of the School Board defendants that they possessed an honest belief in Dean’s guilt when they sought legal advice from Elmer Tapper, a lawyer who was Robert Klees’ political opponent for a judgeship, and District Attorney John Rowley, the legal advisor for the St. Bernard School Board. Following his examination of Dean’s letter and the applicable election code, Rowley told Nunez that he thought there was probable cause for institution of criminal charges with the Justice of the Peace.
Dean circulated a letter, which contained the names of the School Board defendants in the left hand margin, without receiving the permission of those school board members. The last paragraph of that letter praises the St. Bernard Police Jury’s activities. It also contains an unqualified endorsement of Robert Klees for election to the Court of Appeals. The legislature implemented LSA-R.S. 18:1463(B) to prevent false and misleading political endorsements. The jury concluded that the eight defendants had an honest and reasonable belief that when Dean added their names in the margin, he was indicating that they joined him in the political endorsement in the letter. The letter could reasonably be interpreted as implying or suggesting that the other eight members of the school board intended to vote for Robert Klees. A reasonable person could therefore conclude that the letter constituted a false and misleading political endorsement, in violation of LSA-R.S. 18:1463(B). Therefore, based on the honest and reasonable beliefs of the defendants, the jury was not manifestly erroneous in finding probable cause.
Based on this conclusion, that the defendants proved that they acted with probable cause in instituting the proceeding, we pre-termit discussion of whether the defendants acted with malice, as it is unnecessary to the resolution of this dispute.
The judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.