# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1504

**CEVERO GARCIA**

**VERSUS**

**CYNTHIA KILLINGSWORTH,
ASSISTANT DISTRICT ATTORNEY, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2006-766
HONORABLE MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

**Cevero Garcia
Inmate #368938
Camp D, Eagle 4
Louisiana State Penitentiary
Angola, LA 70712
PLAINTIFF/APPELLANT:**
       **In Proper Person**

**John F. Derosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Cynthia Killingsworth**
    **Judge Charles Quienalty**

PETERS, J.

Cevero Garcia was convicted by a jury of two counts of aggravated rape and sentenced to life imprisonment on both counts on May 22, 1996. On February 17, 2006, Garcia filed the present civil suit to have his convictions declared null pursuant to the provisions of La.Code Civ.P. art. 2004. He named as defendants Cynthia Hollingsworth, an assistant district attorney with the Calcasieu Parish District Attorney's Office who prosecuted the case against Garcia, and now-retired Judge Charles Quienalty, who presided at Garcia's jury trial and subsequently imposed sentence on him. The petition challenges the validity of Garcia's criminal conviction and the fact of his confinement in prison based on allegations of fraud and ill practices on the part of the defendants.[1] After the trial court dismissed the petition, Garcia perfected this appeal. We affirm the trial court's dismissal of Garcia's suit, but for reasons different from those expressed by the trial court.

## DISCUSSION OF THE RECORD

Garcia's 1996 convictions and sentences were affirmed by this court in an unpublished opinion. *State v. Garcia*, 96-1594 (La.App. 3 Cir. 12/10/97), 704 So.2d 990, *writ denied*, 98-108 (La. 5/1/98), 805 So.2d 201. Accordingly, the judgment of his conviction and sentences is final. La.Code Crim.P. art. 922.

The petition now before us is a civil action, wherein Garcia asserts that his convictions are final judgments which may be annulled based on fraud and ill practices as provided for in La.Code Civ.P. art. 2004(A). As we appreciate Garcia's petition, he asserts that the indictment charging him with the offenses was defective and the trial court allowed evidence not included on the face of the indictment. In

---

[1]Although Garcia names Ms. Killingsworth and Judge Quienalty as the only defendants, the only relief he seeks is nullification of the judgment of conviction.

asserting the conspiratorial nature of the actions of Ms. Killingsworth and Judge Quienalty, Garcia stated the following in Paragraph 8 of his petition:

> The prosecutor and the judge in this case knew or should have known that the ILL-PRACTICE that was performed, in executing an indictment that failed to contain any aggravating factors to constitute the crime and absent the mandatory elements, upon the petit jury would compromise judgement, verdict or sentence rendered upon facts not contained in the formal accusation or in the Bill Of Particulars, moreover, enforcement of the May 22d 1996 sentence of two lives without the benefit of parole or probation stands to be unconscionable and or inequitable.

The trial court dismissed Garcia's suit on its own motion based on its interpretation of the Prison Litigation Reform Act, La.R.S. 15:1181, et seq. Garcia now appeals.

**OPINION**

In dismissing Garcia's suit, the trial court applied La.R.S. 15:1181 and La.R.S. 15:1184(B), which authorize a court to dismiss any prisoner suit "if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted." La.R.S. 15:1184(B). We agree that the petition fails to state a cause of action, but we reach that conclusion based on the provisions of the Louisiana Code of Civil Procedure, not the Prison Litigation Reform Act.

The present proceeding is not a civil action authorized under the Prison Litigation Reform Act. The Act defines "civil action with respect to prison conditions" or "prisoner's suit" to mean any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but it expressly does not apply to "post conviction

2

relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." La. R.S. 15:1181(2). Mr. Garcia's present civil action concerns neither the conditions of his confinement nor the effects of actions by the district attorney or judge on his life as a person confined in prison. Instead, his civil action concerns the fact or duration of his confinement in prison, matters that could only be the subject of post-conviction relief. Thus, Garcia is seeking post-conviction relief by means of his present civil petition. An application for post-conviction relief is "a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." La.Code Crim.P. art. 924(1). The statutory time limitations for filing an application for post-conviction relief as provided in La.Code. Crim.P. art. 930.8(A) have expired in Garcia's case, and he apparently seeks to avoid this prescriptive ban on his action by attacking his sentences and convictions in a civil action.

The failure of a petition to disclose a cause of action may be noticed by either the trial court or the appellate court on its own motion. La.Code Civ.P. art. 927(B); *Succession of Wilson v. Wilson*, 446 So.2d 526 (La.App. 3 Cir. 1984). In ruling on an exception of no cause of action, the court is limited to the face of the pleadings, and factual allegations in the petition must be accepted as true. *Colquitt v. Claiborne Parish, Louisiana*, 36,260 (La.App. 2 Cir. 8/14/02), 823 So.2d 1103. The allegations of Mr. Garcia's petition with respect to the indictment and the bill of particulars are matters that are properly addressed through post-conviction relief, not through a civil petition against the district attorney and judge to annul the judgment of conviction. Although the dismissal by the trial court under the Prison Litigation Reform Act was

3

technically inappropriate, the petition was properly dismissed because it failed to state a cause of action.

A case directly on point is *McCoy v. City of Monroe*, 32,521 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234, *writ denied*, 00-1280 (La. 3/30/01), 788 So.2d 441. In that civil action, the plaintiff claimed that his criminal conviction was an absolute nullity under La.Code Civ.P. arts. 2001-2006. The court held that the procedural articles dealing with the nullity of a civil judgment had no application to the plaintiff's attack on his criminal conviction and sentence. We agree with the second circuit's ruling in *McCoy* and hold likewise that Garcia's petition does not state a cause of action that would entitle him to release from incarceration.

When a petition fails to state a cause of action, the plaintiff is allowed to amend his demand if the grounds of the objection can be removed by amendment. La.Code Civ.P. art. 934. However, where the grounds for the objection cannot be removed by amendment, the court is not required to allow the pleadings to be amended. *Id.*; *Richardson v. Home Depot USA*, 00-393 (La.App. 1 Cir. 3/28/01), 808 So.2d 544. No amendment by plaintiff could possibly cure the deficiencies in his demands. The dismissal with prejudice was proper.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment dismissing Cevero Garcia's suit against the defendants, Cynthia Killingsworth and Judge Charles Quienalty. We assess all costs of this appeal to Cevero Garcia.[2]

**AFFIRMED.**

---

[2]When judgment is rendered against a party who has been allowed to litigate without the payment of costs, the party "shall be condemned to pay the costs incurred by him . . . and those recoverable by the adverse party." La.Code. Civ. P. art. 5188.