O’NIELL, J.
The plaintiff appeals from a judgment rendered on the verdict of a jury, rejecting his demand for damages for an alleged violation of contract.
Plaintiff and defendant each rented about 300 acres of land for the cultivation of rice. Having adjacent fields, the defendant’s field being on the. front, near Bayou Teche, and the plaintiff’s being in the rear, nearly two miles back from the bayou, they agreed to have one irrigating outfit for both. fields. The pertinent stipulations in the agreement, reduced to writing, were as follows, viz.: Plaintiff agreed -to furnish and install at the bayou the pumps and other machinery, and defendant was to construct a wooden trough or flume from the pumps to the front of defendant’s field. The parties were to bear equally the expense of digging a ditch across the front of defendant’s field, at the end of the trough. The water supplied by the pumps was to be divided equally; the plaintiff to have dug at his own expense the necessary ditch or ditches to take his half of the water back through defendant’s field to his own. The cost of operating the pumping plant was to be borne equally by the parties; the money to be advanced by defendant as needed, until the crops would be harvested. The management of the pumping plant — that is, hiring men, buying fuel, lubricants, etc., and attending to repairs — was to be under the joint control of plaintiff and Labau, a member of the defendant firm.
The arrangement, as carried out, resulted in a loss to plaintiff and profit to defendant; for defendant’s crop produced more than ten sacks of rice per acre, while plaintiff’s pro *657 duced less than four sacks per acre. Hence this suit was brought to recover the loss alleged to have resulted from plaintiffs failure to have half of the supply of ..water on his field. He claims the net value of the quantity of rice that his land would have yielded more than it did yield if he had produced as many sacks of rice per acre as the defendant produced. He alleged that Labau, for the defendant firm, assumed exclusive charge and control of the pumping plant, and that, in consequence of Labau’s unfair management, he (plaintiff) did not get his share of the supply of water,
The petition does not contain any specific allegation of unfair dealing on the part of Labau, or of responsibility on the part of the defendant firm, for plaintiff’s loss. And the evidence in that respect is not at all favorable to the plaintiff. His claim that he did not receive half of the water supplied by the pumps is a mere presumption, based upon the fact that his crop seemed to suffer for want of more water, and yielded less rice per acre than the defendant’s yielded, notwithstanding he had sown the same quality of seed, the same quantity per acre, on the same character of soil, and had cultivated the crop with the same method and care that the defendant had employed. The proof, however, is that conditions and circumstances in other respects were not so favorable to the plaintiff as to the defendant. And we think the plaintiff’s misfortune must be attributed to the unfavorable conditions and circumstances, with which the defendant’s crop was not attended, and for which defendant is not responsible. Defendant’s crop was planted earlier and had the benefit of a more favorable season and of all of the water furnished by the pumps when the crop needed water more than at any other time. The surface of the land of the defendant was flat and level, and therefore had an even distribution of water over it; whereas the surface of the plaintiff’s land was very uneven, not adaptable to cultivation that required artificial irrigation. Above all that, the field of the plaintiff was so far away from the end of the trough or flume where the stream of water was divided that much of his share of the water was lost by absorption in the long open ditch through which it had to flow. He does not complain that it was unfair to divide the stream of water at the end of the wooden trough, almost two miles further from his field than from the defendant's. On the contrary, it was he who suggested the place and method of dividing the stream. Under his direction and according to measurements made by him, a plank 20 feet long was fastened on its edge in the center of the flume, so as to divide the water into two streams of equal volume, one going into the ditch that led to the plaintiff’s field, and the other going into the ditch that extended across the front of defendant’s field. The written contract did not stipulate how or where the water was to-be divided. When the time came to make the division, the defendant left the matter to the plaintiff’s judgment. He could not successfully complain now that the place or method he selected for making the division was not fair to him.
The complaint that Labau, for the defendant firm, assumed exclusive control and management of the pumping plant, is not well founded. It appears that plaintiff was kept quite busy in his field, worried about the high and dry spots, and had little time for details pertaining to the running of the pumps. He felt safe in leaving those details, such as hiring and paying the men, buying fuel and seeing to repairs, to the judgment and attention of Labau, because Labau’s firm was advancing the money to pay the bills. The evidence shows, too, that plaintiff was often consulted about the management and operation of the pumping plant, and that there *659 was no mismanagement nor negligence on Labau’s part. Our conclusion is that the judgment appealed from is correct.
The judgment is affirmed.
PROVO STY, J., takes no part, not having heard the argument.