## CHINN v. PETTY.*
### No. 5116.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

Dickson & Denny, of Shreveport, for appellant.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellee.

MILLS, Judge.

Plaintiff alleges he has been occupying a house built by him more than nine years ago at a cost of $450, located on public property between the levee and Cross bayou, alleged to be a navigable stream, 60 feet east of the Market street bridge on Douglas Island, in Caddo parish; that defendant has invaded these premises, removed the furniture from the house, taken possession thereof, and refused plaintiff any access thereto. He prays for damages in the sum of $30 per month during the entire time he is deprived of the possession, $500 for humiliation, $450, the value of the house, $3.50, the cost of moving, and $25, damage to furniture.

Defendant answers setting up his ownership of the land on which the house is located; that plaintiff was ejected under a valid and final judgment and by the officers of the city court of the city of Shreveport; that he has never claimed the ownership of the house, but, on the contrary, has always recognized the right of plaintiff to remove same and desired that he do so; and now tenders said house for removal.

The trial judge decided the issues in favor of defendant, and plaintiff has appealed.

The testimony discloses that in November, 1924, plaintiff obtained permission from the Henderson Land & Timber Investment Company, then the owner, to build upon the land described as lots 258 and 259, W. K. Henderson Iron Works subdivision of the city of Shreveport, and occupied the premises until legally ejected after due notice in June, 1934, by the city marshal in appropriate proceeding in the Shreveport city court. The house sits between the levee and Cross bayou, just to the right of Market street, with its pillars partly on the levee. Defendant never claimed these improvements or made any use of them whatever, but, on the contrary, tried to prevail upon plaintiff to move them off, which plaintiff refused to do. Again in this proceeding plaintiff is tendered the improvements for removal.

Plaintiff would not move his furniture off. It was carefully moved by the city marshal in his presence. Plaintiff makes no claim of ownership of the land, which defendant acquired on March 24, 1933, at bankrupt sale of the property of the Henderson Land & Timber Investment Company.

Plaintiff relies upon article 455 of the Civil Code, which provides: "The use of the banks of navigable rivers or streams is public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like. Nevertheless the ownership of the river banks belongs to those who possess the adjacent lands."

While the public has a right to the use of the banks of a navigable stream for purposes incidental to its navigation or use, it has no right to appropriate the land to private use by the erection thereon of permanent dwellings. The servitude imposed by article 665 of the Civil Code, also relied upon by plaintiff, applies to the making of roads, levees, and public or common works, not private dwellings.

Certain rights are granted by the Civil Code to the good-faith possessor, who is thus defined by article 3451: "The posses-

sor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another."

Plaintiff does not contend that he ever considered himself the owner of the land in question, testifying himself that he was a mere licensee and that he erected the house with the permission of the real owner. Elrod v. Hart (La. App.) 146 So. 797.

We agree with the learned trial judge that no rights of plaintiff have been violated in this case.

The judgment appealed from is accordingly affirmed.