McBRIDE, Judge.
On the early afternoon of February 26, 1958, plaintiff’s Cadillac automobile which had been parked parallel with the right-hand curb of South Jefferson Davis Parkway, about 40 feet from Canal Street, facing uptown, was struck about its left front door and fender by a taxicab which came from plaintiff’s rear whilst plaintiff attempted to drive into the adjacent roadway to his left in order to proceed toward uptown.
Plaintiff brought this action against the driver, the owner, and the insurer of the cab, in solido, for the amount of damages inflicted on his automobile and also for personal injuries. He charges that defendant-driver operated the cab at an excessive speed, failed to maintain a proper lookout, and did not have his vehicle under proper control. These charges are denied by defendants; they allege the sole cause of the collision was the negligence of plaintiff in starting from the parked position and veering left directly into the path of the taxicab. The defendant-owner, by recon-ventional demand, claimed the amount of damages sustained by his car. From a judgment in favor of plaintiff for -$738.04, which judgment dismissed the -reconven-tional demand, defendants have appealed.
The case involves only a question of fact. The trial judge, after having seen and heard the witnesses testify, resolved the issue favorably to plaintiff with the following comment: “The court is convinced from the evidence adduced in this matter that this accident occurred-as a result of the negligent driving of the chauffeur of the Metairie Cab Company, Inc.”
We can perceive no error in the judgment. To reverse it would mean acceptance of the testimony of defendant’s driver, which the trial court rejected, rather than that of the opposing three witnesses the trial judge thought was the truth, which testimony seems free from conflicts, contradictions or implausibility.
The evidence leaves no doubt that plaintiff by looking to the rear before attempting to leave the position alongside the curb ascertained that the semaphore traffic light at Canal Street showed red and that no traffic was approaching and it was safe to proceed. Plaintiff’s car in its parked position was located between two others. As he maneuvered the front portion of the car into the roadway, the light at the corner changed and the taxicab moved forward, and despite the driver’s testimony his speed was but 20 miles an hour, we believe that the cab attained a speed of from 40 to 50 miles per hour. The legal limit at this point is 35 miles per hour. Plaintiff, in looking back, saw that the light had changed to green and that the cab was approaching *652 at a rapid speed, and fearing his car might be strucked, he stopped and began to wave his hand as a signal to the taxicab operator not to proceed farther which signal went unheeded and the accident ensued. Defendant-driver insists plaintiff attempted his ill-fated movement from the curb when the cab was in close proximity, but he gave conflicting estimates as to the distance. We believe it to be a fact that the cab was some 70 feet away when the front portion of plaintiff’s car was already out into the traffic lane.
The accident may be attributed to the cab’s speed and the failure of its driver to see the Cadillac sooner and to act as a prudent man.
There being no dispute as to the quantum :
The judgment appealed from is affirmed.
Affirmed.