550 So.2d 1208 (1989)
Westervelt T. BALLARD
v.
Elenora R. MOOK.
No. 88-CA-0527.
Court of Appeal of Louisiana, Fourth Circuit.
August 24, 1989.
Rehearing Denied November 15, 1989.
*1209 Byron M. UnKauf, New Orleans, for Westervelt T. Ballard.
Roger M. Denton, Sherry and Denton, Metairie, for Elenora Mook.
Before CIACCIO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Westervelt T. Ballard appeals the dismissal of his malicious prosecution suit against Elenora R. Mook and seeks reversal of the $5,000.00 award on Mrs. Mook's reconventional demand charging him with trespass.
We affirm the ruling of the Trial Court.
Elenora R. Mook owns Lots 2 and 3 of Square 3 in Hopedale Subdivision on Bayou La Loutre in St. Bernard Parish. On May 1, 1983 Mrs. Mook leased Lot 3 to John G. DeRussy for a term of two years at a monthly rental of $90.00. DeRussy used a house trailer on the lot as a "fishing camp" and allowed his friend, Westervelt T. Ballard the use of the camp.
*1210 In December 1983 DeRussy asked Mrs. Mook to extend the term of the lease because he wanted to build a dock on the waterfrontage of Lot 3. Mrs. Mook agreed but advised him he must pay more$125 a month rentalto use the riparian rights. DeRussy declined and the lease was not extended.
Shortly after these negotiations failed, Ballard, with DeRussy's permission, built the dock on Lot 3 and began tying up his boat at the dock. Mrs. Mook demanded that Ballard remove his boat from the dock or pay the $125 rent. DeRussey and Ballard refused to do either.
When an amicable resolution of the dispute failed, on January 10, 1984, Mrs. Mook charged Ballard with trespass by filing an affidavit with a St. Bernard Parish Justice of the Peace. Ballard was arrested, but five months later the State nol prossed the criminal charges.
On December 20, 1984, Ballard sued Mrs. Mook for malicious prosecution, seeking attorney's fees and monetary damages for embarrassment, humiliation, mental anguish and damage to his reputation. Mrs. Mook answered and reconvened alleging trespass. The Trial Court dismissed Ballard's suit but awarded Mrs. Mook $2,500 for "invasion of property" and $2,500 for "mental anguish, humiliation and embarrassment."
Ballard argues the lower court erred by finding that he trespassed upon Mrs. Mook's property by constructing a dock on Lot 3 and that he also trespassed by "tying his boat and that of his visitors to the dock on Lot 3." Ballard contends he constructed the dock on the waterbottoms of the bayou which Mrs. Mook neither owned nor had any possessory rights to.
Ballard argues that because the Hopedale Highway runs between Lot 3 and the bank of the bayou creating a strip of ground approximately 20' in width between the highway and the bank of the bayou (see appendix 1), Mrs. Mook's property does not adjoin the waterway and she cannot, therefore, be a riparian owner. Further, he asserts that Mrs. Mook's survey of April 30, 1985 (appendix 1) and the property description in her acquisition of Lots 2 and 3 indicate that the lots' boundary is the highway rather than the bayou. These facts, he claims, indicate that either her ancestor in title did not convey the riparian rights to her or that the waterfront property remained subject to a highway servitude.
The banks of navigable rivers or streams are private things which belong to the riparian, or adjacent, landowners. C.C. art. 456 and paragraph (c) Official Revision Comments1978.
Mrs. Mook introduced at trial an Act of Correction between Land Investment Company and herself in which Land Investment Company declared it was its intention to convey all of its riparian rights when it passed title to the lots to Mrs. Mook's ancestor in title, Paul Dutel, and agreed without any additional compensation to reform the original sale description to reflect and clarify the transfer of the rights to Mrs. Mook. While the curative work was not undertaken until after Mrs. Mook had filed the affidavit charging trespass, it was completed before trial and Mrs. Mook was indeed the riparian owner.
As for Ballard's contention that the waterfront property remained subject to a highway servitude, an examination of the survey (appendix 1) clearly indicates the highway servitude ends approximately 20' short of the bayou's edge.
The Supreme Court considered a similar factual situation concerning a strip of ground between a roadway and a river bank in Pizanie v. Gauthreaux, 173 La. 737, 138 So. 650 (1931):
"It is the bank that belongs to the owner, subject to use by the public for certain purposes, described in the article.... the public have [sic] appropriated only about 28 feet of that part of plaintiff's land that is subject to a servitude for road purposes, thus leaving a narrow strip between the road and the bank of the stream unappropriated to the use of which plaintiff is entitled. Ward v. Board of Levee Commissioners [152 La. 158], 92 So. 769 (1922). Defendant has no right to use this strip so long as it *1211 remains unappropriated to road purposes." 138 So.2d 650 at 652.
Even assuming Mrs. Mook was not the riparian owner, she nevertheless is a possessor under C.C. art. 3422. A possessor is considered provisionally as owner of the thing he possesses until the right of the true owner is established. C.C. art. 3423. One who possesses a thing for over a year acquires the right to possess it. C.C. art. 3422. A remedy for trespass is available even to one who is only a possessor of property, even against the owner. Manzanares v. Meche, 506 So.2d 957 (La.App. 3 Cir.1987), writ denied 508 So.2d 822 (1987).
Mrs. Mook testified that when she purchased Lots 2 and 3 from Paul Dutel in 1973, a house was on Lot 3 and a boat house and dock spanned a portion of Lot 3. She used the houseboat and dock on Lot 3 until their destruction by a hurricane some years later. Mrs. Mook's testimony shows she peaceably possessed the waterfrontage of Lot 3 for no less than 10 years at the time of Ballard's intrusion. Thus, at the very least, Mrs. Mook was a possessor who could object to a trespass, while Ballard had no ownership, lease, or possessory rights to the waterfrontage of Lot 3.
Ballard alternatively argues that if Mrs. Mook was the owner or possessor of the riparian rights, those rights passed to DeRussy as a lessee by operation of La. R.S. 9:1102.1. On the basis of credibility, Mrs. Mook prevailed on this issue in the Trial Court. Although the lease to De Russy was a verbal lease, Mrs. Mook testified she informed DeRussy at their first meeting that the use of the waterfront was not included in the $90 a month rent. She also testified, both DeRussy and Ballard were aware DeRussy had no right to use the waterfrontage because as Mrs. Mook explained, DeRussy inquired about leasing or purchasing the riparian rights some time prior to December 1983. She further testified in December 1983 she refused DeRussy's request to extend the lease and refused to give DeRussy permission to build a dock on the waterfrontage unless additional rent was paid.
In addition to Mrs. Mook's testimony, the evidence showed DeRussy memorialized his "verbal" lease agreement in a May 1, 1983 letter to Mrs. Mook in which he makes no reference to the riparian rights. Although DeRussy's testimony differed, the Trial Court believed Mrs. Mook's testimony more credible than DeRussy's and found Mrs. Mook did not lease the riparian rights to Mr. DeRussy.
Ballard next contends the Trial Court erred in finding he trespassed when he "interferred" with Mrs. Mook's use of the dock in front of Lot No. 2 by "tying his boats and that of his visitors to the dock in front of Lot No. 3." At trial Mrs. Mook recounted several occasions when the number and size of boats tied to the dock on Lot 3 rendered her dock on Lot 2 useless. She complained of being unable to set shrimp nets the entire season. Although Ballard's testimony differed, the Trial Judge again resolved the credibility issue in favor of Mrs. Mook.
Ballard also claims the Trial Court erred by finding he trespassed upon Mrs. Mook's property by parking numerous cars on Lot No. 2 in spite of posted "no parking" signs. Ballard testified he had DeRussy's permission to use the trailer on Lot No. 3 as a camp and brought friends with him, but he denied parking on Lot 2. Mrs. Mook testified Ballard continued to park his car and other vehicles on Lot 2 until she filed her reconventional demand. The Trial Court believed Mrs. Mook.
In each instance the Trial Court's findings of fact are supported by the record, they are not manifestly erroneous, and this Court is not at liberty to change them. Canter v. Koehring, 283 So.2d 716 (La. 1973).
In the assessment of damages in cases of offenses, quasi offenses and quasi contracts, much discretion must be left to the judge or jury. C.C. art. 2324. The Trial Judge heard the parties' testimony and rendered a monetary judgment in accordance with his assessment of the facts. We find no abuse of discretion.
As a sixth assignment of error, Ballard raises for the first time on appeal, by *1212 brief alone, a plea of prescription. Because his plea is not based upon proof appearing in the record nor urged by a special pleading, we are precluded from addressing this issue. C.C.P. art. 2163; Jenkins v. Tillman, 221 So.2d 895 (La.App. 1 Cir.1969).
Turning to Ballard's suit for malicious prosecution, Ballard complains of two findings of fact by the Lower Court. He claims the Trial Court erred when it found, first, that Mrs. Mook was "reasonable in her belief that she owned the waterfront property and had probable cause to accuse Ballard of trespassing"; and, second, that there was no "malice" in her bringing charges against Ballard.
An action for malicious prosecution arising out of a criminal proceeding requires, among other things, the absence of probable cause for the criminal proceedings, and the presence of malice. Dean v. Nunez, 534 So.2d 1282 (La.App. 4 Cir.1988), on remand 541 So.2d 260, writ denied 541 So.2d 1386; Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446 (La.1987). For purposes of determining whether an action will lie for malicious prosecution, probable cause to file suit is a question which depends upon particular facts as perceived by the person bringing the action. Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842, 843 (La.1980). Therefore, the crucial issue is whether Mrs. Mook had an honest and reasonable belief in Ballard's guilt at the time she filed the affidavit. Dean, supra. The Trial Court found she did.
In the present case, based upon the testimony and materials before us we conclude the Trial Court was not manifestly erroneous when it determined Mrs. Mook had probable cause.
As for the remaining finding of fact contested by Ballard, relying on Culpepper v. Ballard, 344 So.2d 110 (La.App. 2 Cir. 1977), he contends that because the nature of his dispute with Mrs. Mook was civil rather than criminal, the ultimate dismissal of the charges creates a presumption of malice. Nevertheless, any presumption of malice or lack of probable cause arising by the dismissal of criminal charges are rebuttable by a defendant at trial. Allen v. State of Louisiana, et al, 456 So.2d 679 (La.App. 5 Cir.1984).
The testimony of Mrs. Mook, De Russy and Ballard clearly indicates an absence of malice between the parties. Mrs. Mook stated she sought the assistance and counsel of the Justice of the Peace only to have Ballard's boat removed from her property. Her testimony, as well as that of the Justice of the Peace to whom she presented her complaint, indicates that she presented the facts of her ownership and the dispute with Ballard fairly and as she understood them. The Justice of the Peace suggested that she file an affidavit charging trespass rather than pursue a civil course of action. The Trial Court's finding that Ballard failed to prove malice was not manifestly erroneous.
Finally, Ballard contends the Trial Court erred in denying his demand for attorney's fees for the defense of the trespass suit.
Having decided the issue of trespass in Mrs. Mook's favor, we need not address Ballard's final assignments.
The Judgment of the lower court is affirmed; all costs of the appeal are assessed to Ballard.
AFFIRMED.

*1213 APPENDIX 1