Dear Sir:
The Attorney General is in receipt of your letter of the 9th ult. In it you state that Holt Murphy own the lands on both sides of Bayou Macon in East Carroll Parish and West Carroll Parish for several miles, that they own an oil lease on the bayou there, and that they have prohibited certain citizens from fishing, traveling or camping on that stream. And you request an opinion as to whether Holt Murphy have a right to prohibit citizens from doing those things on the bayou.
The fact that they have an oil lease has nothing whatever to do with the question. The solution of it depends upon whether Bayou Macon is navigable.
A river or stream consists of its bed, its banks and its water. Morgan v. Livingston, 6 Mart. (O.S.) 19, 229; State v. Richardson, 140 La. 329, 338.
Its bed is the soil which is covered by water when the stream is at its ordinary low water stage. Wemple v. Eastham, 150 La. 247, 251; Pizanie v. Gauthreaux, 173 La. 737, 741.
The bank is the land which is covered by water when the stream is at its ordinary state of high water but uncovered when the stream is at its ordinary stage of low water, that is, the land between ordinary low water mark and ordinary high water mark. C. C. Art. 457, Morgan v. Livingston, 6 Mart (O.S.) 29, 229, supra; Lyons v. Hinckley, 12 Ann. 655, 657; Siebert v. Conservation Commission, 181 La. 237, 159 So. 375, 377. On streams which have no levees, the ordinary high water mark for this purpose is the ordinary high water mark on the ground in its natural condition Wemple v. Eastham, 150 La. 247, 253, supra; Pizanie v. Gauthreaux, 173 La. 737, 741, supra. In the case of streams with levees, it is the ordinary high water mark on the side of the levee. C. C. Art. 457; Heirs of Duverge v. Salter, 6 Ann. 450, 451; Mathis v. Board of Assessors, 46 Ann. 1570, Wemple v. Eastham, 150 La. 247, 253, supra; Siebert v. Conservation Commission, 181 La. 237, 159 So. 375, 377.
The banks and beds of non-navigable streams, which were non-navigable in 1812, belong to the riparian proprietors. Amite Gravel Sand Co. v. Roseland Gravel Co., 148 La. 704, 707; Wemple v. Eastham, 150 La. 247, 253, supra; Nattin v. Glassell, 156 La. 423, 426. Therefore, if Bayou Macon is non-navigable and was nonnavigable in 1812, its bed and shores belong to Holt Murphy where they own the land on both sides, the public has no right in them, and Holt Murphy have the right to prevent all persons whomsoever from making any use of the bayou there. However, the case is different if Bayou Macon is a navigable stream.
The bed of a navigable stream belongs to the State. State v. Richardson, 140 La. 329, 349, supra; State ex rel. Board of Comrs. v. Capdeville, 146 La. 94, 106; Wemple v. Eastham, 150 La. 247, 251, supra; Smith v. Dixie Oil Co., 156 La. 691, 702; Pizanie v. Gauthreaux,173 La. 737, 741, supra. And it belongs to the State in her sovereign capacity. C. C. Art. 453; State ex rel. Board of Comrs. v. Capdeville,146 La. 94, 106, supra; Wemple v. Eastham, 150 La. 247, 251, supra; Smith v. Dixie Oil Co., 156 La. 691, 702, supra; Pizanie v. Gauthreaux,173 La. 737, 741, supra. The United States does not own the bed or banks of any navigable stream in any of the States. Goodtitle ex dem. Pollard's Heirs v. Kibbe, 9 How. 471, 478, 13 L.Ed. 220, 223; St. Clair County v. Livingston, 23 Wall. 46, 23 L.Ed. 59, 63; Barney v. Keokuk, 94 U.S. 324,338, 24 L.Ed. 224, 228; Scott v. Lattig, 227 U.S. 229, 242-243,57 L.Ed. 490, 496, 497; Oklahoma v. Texas, 258 U.S. 574, 583; 66 L.Ed. 771,775; United States v. Utah 283 U.S. 64, 75, 75 L.Ed. 844,849; State v. Richardson, 140 L. 329, 335, supra; C. C. Art. 453; State ex rel. Board of Comrs. v. Capdeville, 146 La. 94,106, supra.
The State owns the beds of navigable streams in her sovereign capacity. C. C. Art. 453; State ex rel Board of Comrs. v. Capdeville,146 La. 94, 106, supra; Wemple v. Eastham, 150 La. 247, 251, supra; Pizanie v. Gauthreaux, 173 La. 737, 741, supra. As long as a stream is navigable, it is a public thing, and the public has a right to use it for navigation and fishing. C. C. Art. 453.
The banks of a navigable stream belong to the riparian proprietors. C. C. Art. 455; Morgan v. Livingston, 6 Mart. (O.S.) 19, 230, supra; Denistoun v. Walton, 8 Rob. 211, 213; De Ben v. Gerard, 4 Ann. 30, 31; Heirs of Duverge v. Salter, 6 Ann. 450, 451, supra; Lyons v. Hinckley, 12 Ann. 655, 657, supra; Mathis v. Board of Assessors, 46 Ann. 1570, supra; State v.. Richardson, 140 La. 329, 341, supra; Wemple v. Eastham, 150 La. 247, 251, supra; Pizanie v. Gauthreaux, 173 La. 737, 741, supra; Seibert v. Conservation Commission, 181 La. 237, 159 So. 375, 377, supra. In other words, when one owns land bounded by a navigable stream, his land includes the bank of the stream on the side his land is located on between the side lines of his land. However, the bank of a navigable stream which belongs to him is subject to certain servitudes in favor of the public. C. C. Art. 455.
The servitudes which the banks of a navigable stream are subject to in favor of the public are only such as are incidental to the use of the stream as a navigable stream. Lyons v. Hinckley, 12 Ann. 655, 657, supra; State v. Richardson, 140 La. 329, 341, supra. Chinn v. Petty, ___ La. Ap. ___, 163 So. 735 (2nd Circuit). They have the right to land vessels against the bank, the right to tie them up to the bank, the right to load them there, the right to deposit goods there in connection with loading and unloading vessels, the right to dry nets on the bank, and the right to make similar uses of the bank. C. C. Art. 455; Dennistoun v. Walton, 8 Rob. 211, 214, supra; Heirs of Duverge v. Salter, 6 Ann. 450, 451, supra; Wemple v. Eastham, 150 La. 247, 251, supra. The right to tie up vessels against the bank is only the right to do so in connection with their navigation; it does not give one the right to keep a vessel tied to the bank indefinitely without the consent of the owner of the bank. Heirs of Duverge v. Salter, 6 Ann. 450, 451-452, supra. In Chinn v. Petty, ___ Ap. ___, 163 So. 735, supra, the Court of Appeal for the Second Circuit correctly held that no one has a right to build or maintain a permanent dwelling on the bank of a navigable stream without the consent of the owner of the bank. It is our opinion that camping on the bank is not a use of the bank incidental to the use of the stream as a navigable stream, and, therefore, no one has a right to camp on the bank of a navigable stream without the consent of the owner thereof.
If a stream was navigable when Louisiana was admitted to the union as a State in 1812, the bed thereof then became the property of the State. State v. Richardson, 140 La. 329, 349, supra; Smith v. Dixie Oil Co.,156 La. 691, 693, 702, supra. If such a stream has ceased to be navigable the bed continues to belong to the State. State ex rel. Board of Comrs. v. Capdeville, 146 La. 94, 106; Wemple v. Eastham, 150 La. 247, 251, supra; Smith v. Dixie Oil Co., 156 La. 691, 702-703, supra. But in such a case the use of the stream ceases to be public, and the State owns the bed as a private property of the State. Board of Comrs. v. Glassel,120 La. 400, 404-406; Wemple v. Eastham, 150 La. 247, 251, supra. Consequently, when a stream which was navigable when the State was admitted to the Union has ceased to be navigable, the State, as the owner of the bed, has a right to prevent the public from using the stream for any purpose.
In view of these principles, if Bayou Macon is navigable at the place in question the public has a right to use the bayou for traveling, fishing and camping. They do not have the right to use the banks for any purpose except in connection with the use of the stream and the owners of the banks, Holt Murphy, have a right to prevent them from using the banks for any purpose except those connected with the use of the stream. They do not have a right to camp on the banks. If they wish to camp, they should camp on their water craft, which they may tie up to the bank, provided they do not keep any vessel tied up in one place indefinitely.
If Bayou Macon is not navigable at this place, the public does not have the right to use either the stream or the banks for any purpose. If it was not navigable in 1812, the bed and the banks both belong to Holt 
Murphy, and Holt Murphy have a right to exclude the public entirely from the stream and the banks.
If the bayou was navigable in 1812, but is not navigable now, the bed belongs to the State and the banks belong to Holt Murphy. In that case, Holt Murphy can exclude the public absolutely from the banks, and the State can exclude the public absolutely from the rest of the stream.
Yours very truly,
 JOSEPH A. LORET, Special Assistant Attorney General.