Dear Mr. Chaisson:
You have requested the opinion of this office as to the authority of the Bayou Lafourche Fresh Water District ("District") to act in the following instances:
 1) "At the request of private property owners and after inspection of the trees that the District has declared to be potential problems (on the verge of falling into the bayou), can the District remove those trees and charge the owners a nominal fee for removal?"
 2) "If a private property owner intentionally fells a tree into the bayou to avoid disposal costs, can the District charge the property owner for the removal cost?"
In order to answer these questions we have reviewed 1950 La. Acts No. 113, as amended by 1952 La. Acts No. 192, 1970 La. Acts No. 186,1981 La. Acts No. 393 and 1996 La. Acts 82, which comprise the enabling legislation for the powers and duties of the District. We have also reviewed the statutes and the jurisprudence that we believe applies to the questions.
1) The District is a creature of the legislature and, as such, may only exercise power delegated to it expressly by the legislature.
First, as provided by 1950 La. Acts No. 113, the District was created "for the purpose of furnishing fresh water from the Mississippi River to the incorporated villages, towns and cities along Bayou Lafourche and within or adjacent to the boundaries of said district, as herein fixed." Also, Pursuant to 1996 La. Acts No. 82, paragraph (E), the board of commissioners of the District is vested with authority to effectuate a program of beautification within its jurisdiction, particularly but not limited to the banks of Bayou Lafourche, including the necessary police power to adopt penalties in connection with said program. It cannot be understood that the legislature contemplated vesting the District with authority to enter onto private property, as an invitee or otherwise, and engage in activities such as tree felling and removal, under these provisions.
Second, La.C.C. Article 456 provides that "the bank of a navigable river or stream is the land lying between the ordinary low and the ordinary high stage of the water", and the "banks of navigable rivers or streams are private things that are subject to public use." The land lying between the edge of the water at its ordinary low stage and the line which the edge of the water reaches at its ordinary high stage, that is the highest stage is called the bank of the stream, and belongs to the owner of the adjacent land'. Conversely, the bed of the river is "the land that is covered by water in its ordinary low stage. Ibid. See alsoState v. Richardson, 140 La. 329, 72 So. 984 (1916); Morgan v.Livingston, 6 Mart. (O.S.) 19 (La. 1819); State v. Cockrell, 162 So.2d 361
(La.App. 1st Cir. 1964)." La.C.C. Article 450 provides that the State is the owner of the bed or "bottoms of natural navigable water bodies."
According to well-settled Louisiana jurisprudence, which continues to be relevant, the servitude of public use under this provision is not `forthe use of the public at large for all purposes' but merely for purposesthat are `incidental' to the navigable character of the stream and its enjoyment as an avenue of commerce. See State v. Richardson, 140 La. 329,72 So. 984, (1916); Lyons v. Hinckley, 12 La.Ann. 655 (1856); Chinn v.Petty, 163 So. 735 (La.App. 2d Cir. 1935).
Third, under LSA-RS 33:1236 (3) the police jury is given the power "to regulate the clearing of the banks of rivers and natural drains; for theclearing of the banks of the Mississippi River and all other navigablestreams and natural drains for the purpose of securing a free passage for boats and other water crafts, and for logs and timber".
Therefore, the answer to question one is that the police jury, and not the District, has been vested with the power to maintain navigability and may do so on the banks of navigable bayous for the purposes that are incidental to the navigable character of the stream.
2) Bayou Lafourche is a navigable waterway of the state of Louisiana and, as such, is a highway of commerce. LSA-R.S. 14:97 criminalizes the placing of any obstructions upon a highway of commerce, to wit:
"Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or the performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult.
Whoever commits the crime of simple obstruction of a highway of commerce shall be fined not more than two-hundred dollars, or imprisoned for not more than six months, or both."
Under LSA-R.S. 14:96, stiffer penalties result wherein it is foreseeable that human life might be endangered.
In summary, the police jury, not the District, has been vested with the power to maintain navigability and may do so on the banks of navigable bayous for the purposes that are incidental to the navigable character of the stream. Also, criminal statutes presently in effect are sufficient deterrents to the intentional or criminally negligent obstruction of Bayou Lafourche.
I hope that this response sufficiently addresses your concerns and if we may be of further service, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ CHARLES F. PERRY Assistant Attorney General
RPI/CFP/tp