Dear Sheriff Webre:
You have requested an opinion of this office as to the authority of the Lafourche Parish Sheriff's Office assisting the Bayou Lafourche Fresh Water District in its goal to clean the banks of Bayou Lafourche using inmate labor. More particularly you inquire `what is considered Apublic
along bayous as it relates to the use of inmate labor' with respect to Louisiana R.S. 15:708 A(1)(a).
First, La.C.C. Article 456 provides that "the bank of a navigable river or stream is the land lying between the ordinary low and the ordinary high stage of the water, and the "banks of navigable rivers or streams are private things that are subject to public use." The land lying between the edge of the water at its ordinary low stage and the line which the edge of the water reaches at its ordinary high stage, that is the highest stage is called the bank of the stream, and belongs to the owner of the adjacent land'. Conversely, the bed of the river is `the land that is covered by water in its ordinary low stage. Ibid. See alsoState v. Richardson, 140 La. 329, 72 So. 984 (1916); Morgan v.Livingston, 6 Mart. (O.S.) 19 (La. 1819); State v. Cockrell, 162 So.2d 361
(La.App. 1st Cir. 1964). La.C.C. Article 450 provides that the State is the owner of the bed or "bottoms of natural navigable water bodies."
According to well-settled Louisiana jurisprudence, which continues to be relevant, the servitude of public use under this provision is not `forthe use of the public at large for all purposes' but merely for purposesthat are `incidental' to the navigable character of the stream and its enjoyment as an avenue of commerce. See State v. Richardson, 140 La. 329,72 So. 984, (1916); Lyons v. Hinckley, 12 La.Ann. 655 (1856); Chinn v.Petty, 163 So. 735 (La.App. 2d Cir. 1935).
Second, under LSA-RS 33:1236 (3) the police jury is given the power "to regulate the clearing of the banks of rivers and natural drains; for theclearing of the banks of the Mississippi River and all other navigablestreams and natural drains for the purpose of securing a free passage for boats and other water crafts, and for logs and timber".
In summary, it is the opinion of this office that the police jury, not the Bayou Lafourche Fresh Water District, is vested with responsibility for maintaining the banks of Bayou Lafourche for purposes that are incidental to the navigable character of the stream.
I hope that this response sufficiently addresses your concerns and if we may be of further service, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ CHARLES F. PERRY Assistant Attorney General
RPI/CFP/tp